UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CHARLES ANDRÉ OLIVIER** | * | CIVIL ACTION NO.: |
| | * | |
| | * | SECTION: |
| | * | |
| **versus** | * | JUDGE: |
| | * | |
| **NVI, L.L.C.** | * | MAG. JUDGE: |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Charles André Olivier (sometimes hereinafter referred to as "Olivier"), who respectfully submits this Complaint and avers as follows:

## PARTIES

1.

Plaintiff, Olivier, is a person of the full age of majority domiciled in the Parish of Terrebonne, State of Louisiana.

2.

Defendant, NVI, L.L.C., is a Louisiana limited liability company domiciled at 2449 West Park Avenue, Gray, Terrebonne Parish, Louisiana 70359.

## JURISDICTION AND VENUE

3.

This Court has jurisdiction over this proceeding under 28 U.S.C. § 1331, as Plaintiff's claims arise under the federal law. Venue is proper in the Eastern District of Louisiana, as a

substantial part of the events or omissions giving rise to the claim occurred in this District or otherwise in accordance with 28 U.S.C. § 1391.

## FACTS

4.

On or about August 1, 2011, Olivier began his employment with NVI as Vice President of Gulf of Mexico earning approximately a $200,000 yearly salary.

5.

On August 23, 2011, Olivier and NVI entered into an Employment Agreement that provided that Olivier was to earn various commissions as defined in that Agreement. A copy of the Agreement is attached as Exhibit 1.

6.

In July 2014, Olivier became a 1 percent member of NVI, L.L.C., and on July 15, 2014, an Amended and Restated Operating Agreement of NVI, L.L.C. was signed. A copy of that Amended and Restated Operating Agreement is attached as Exhibit 2.

7.

On or about March 12, 2018, Olivier was put on paid leave so that he could receive medical treatment from a facility that specializes in addiction. Olivier battled alcohol and other addictions since 1986. Olivier attended CDU of Baton Rouge on December 5, 1986, and he has been an active member of AA since December 5, 1986. Since that time, Olivier has battled his disease, and on or about March 12, 2018, Olivier, feeling very stressed out, knew that he needed to go to a treatment facility to help manage his addiction. Olivier was having trouble with some major life activities, such as sleeping, concentrating, working, and thinking, to name a few. Prior to going on paid leave, Olivier informed CEO, James ("Jim") E. Cloutier, that he needed to go to this

treatment facility to get his addictive tendencies under control. Mr. Cloutier told Olivier that his job would be waiting for him upon his return.

8.

Olivier returned home to Houma, Louisiana, approximately thirty days later. When he was back in town, Cloutier called him and told him to meet him at his house. When Olivier met Cloutier at Cloutier's house, Cloutier handed Olivier a document entitled "Termination and Release Agreement" and informed Olivier that his services were no longer needed. A copy of the Termination and Release Agreement is attached as Exhibit 3.

9.

The Termination and Release Agreement states that one of the reasons for Olivier's termination was as follows:

> "WHEREAS, Olivier has been on leave from NVI for a significant period of time and the other employees, managers and members of NVI have been fulfilling Olivier's responsibilities to NVI."

The leave mentioned in this paragraph was so that Olivier could seek treatment for his alcohol and other addiction as described above.

10.

After firing Olivier, NVI told Olivier that they expected him to abide by the non-compete agreement found in the Amended and Restated Operating Agreement noted above. Furthermore, NVI told Olivier that while he is still a 1 percent member of NVI, they expected that he would not compete with NVI or they would file suit against him for breach of his fiduciary duties.

11.

Due to the actions of NVI, Olivier filed suit in the Thirty-Second Judicial District, Parish of Terrebonne, State of Louisiana, seeking a declaratory judgment that the non-compete was null

3

and void as being against Louisiana law.  Also, on October 24, 2018, in the Thirty-Second Judicial District Court, Parish of Terrebonne, State of Louisiana, Olivier filed suit against NVI for damages due to NVI's breach of the Olivier Employment Agreement (Exhibit 1).  Olivier has alleged that NVI has failed to pay Olivier the commissions due to him since 2012.  On or about October 1, 2018, in the declaratory judgment matter filed by Olivier, NVI filed a Petition for Temporary Restraining Order and Injunctive Relief regarding the non-compete.

12.

NVI's preliminary injunction was heard on January 16 and 18, 2019, and the court issued a judgment severely limiting the restricted territory as contained in the Amended and Restated Operating Agreement attached above as Exhibit 2.  A copy of the court's judgment is attached as Exhibit 4.  At the time that NVI terminated Olivier, NVI employed over 200 people.

13.

On February 14, 2019, Olivier filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC").

14.

The EEOC conducted an investigation for some time.  The EEOC was still conducting its investigation in December of 2019, when Olivier asked that the EEOC issue its Notice of Right to Sue due to the length of time that the investigation was taking.  A copy of the Notice of Right to Sue is attached as Exhibit 5.

**AMERICANS WITH DISABILITIES ACT ("ADA")**

15.

All foregoing allegations are incorporated herein by reference.

16.

Defendant is engaged in an industry affecting commerce that employs over 15 full-time employees, and is therefore an "employer" for purposes of the ADA, 42 U.S.C. § 12101, *et seq.*

17.

Olivier was an employee for the purposes of the ADA.

18.

Olivier was regarded as having a disability when NVI terminated him on April 15, 2018.

19.

Olivier was qualified to perform the essential functions of the job without accommodations, as he had been performing his job, at a full capacity, without accommodations for approximately seven years prior to being terminated on April 15, 2018.

20.

Olivier suffered an adverse employment action when he was terminated.

21.

Olivier is entitled to damages from Defendant under the ADA, including:

(a) back pay, including wages and salary, overtime, and benefits;

(b) front pay;

(c) non-economic and other compensatory damages, including physical pain and suffering and mental anguish;

(d) past and future medical expenses;

(e) pre-judgment interest;

(f) costs;

(g) attorney's fees; and punitive damages.

## JURY DEMAND

Plaintiff requests a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Charles André Olivier, prays that this matter be tried before a jury, and after all legal proceedings are had, that there be judgment in his favor against NVI, L.L.C. for all damages, including wages, salary, benefits, unpaid commissions, front pay, lost wages, prejudgment interest, punitive damages, attorney's fees, costs, and for all general and equitable relief.

        **Respectfully submitted,**

        **DUVAL, FUNDERBURK, SUNDBERY,**
         **RICHARD & WATKINS**

        **BY:**   **/s/ Stanwood R. Duval**
           **STANWOOD R. DUVAL (27732)**
           101 Wilson Avenue (70364)
           P. O. Box 3017
           Houma, Louisiana 70361
           Telephone: (985) 876-6410
           Attorney for Plaintiff, Charles André Olivier

**PLEASE SERVE:**

NVI, L.L.C.
through its agent for service of process:
Mary Riviere
423 Goode Street
Houma, Louisiana 70360